

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. L. N. Vance
County Attorney
Titus County
Mt. Pleasant, Texas

Dear Mr. Vance:

Opinion No. O-7331
Re: Whether the shares and properties
of the Mt. Pleasant Building & Loan
Association are subject to taxation.

In your letter of August 1, 1946, you request the
opinion of this Department upon the above captioned matter.
Your letter reads as follows:

"I would appreciate it if you will give me your
opinion as to what part of the enclosed statement,
if any, is taxable; assuming, of course, that this was
the same property that was owned as of January 1, 1946."

With it you submit a Financial statement of the Mt. Pleasant
Building & Loan Association and request us to advise you as
to what part of the enclosed statement, if any, is taxable.

We do not think it advisable for us to attempt to
advise you specifically as to the taxability or exemption
from taxation of the respective items reflected in this
financial statement. Article 881a-53 of Title 24, V. R. C. S.,
lays down a formula for the assessment and collection of taxes
against building and loan associations doing business in this
State. This article of the statute reads as follows:

"Every building and loan association doing business
in this state shall, in the city or town in which it is
located, render its property therein located to the tax
assessor at the time fixed by law and in the following
manner: (a) The value of its office furniture and fixtures
therein; (b) the value of all real estate in such city to
which such association holds title; (c) the value of its
assets therein in excess of an amount representing the
total of (1) accounts payable and notes payable owing by

Hon. L. W. Vance, page 2

such association; (2) the book value of the shares outstanding and (3) the assessed value of the furniture and fixtures and real estate held by such association and rendered by it for taxation."

Financial statements do not receive uniform interpretation, hence we should not attempt to put an interpretation upon this financial statement except as to pertinent items not shown on the statement. For example, the statement does not show any office furniture, which is a deductible item in arriving at the taxable value of the assets subject to taxation, although we feel certain the association has some office furniture. The same may be said of real estate owned by the association, although it is less certain it may own real estate than office furniture.

You will observe that by the terms of the statute there are three items of property subject to assessment for ad valorem taxes, designated as (a), (b), and (c), but that as to (c) certain deductions are required to be made, designated as (1), (2), and (3).

If we accept the statement as literally true and apply the formula prescribed by the statute to the financial statement submitted, it is observed that there is no property under subdivision (a), namely, office furniture and fixtures; neither is there any under subdivision (b), namely, the value of real estate in such city to which such association holds title. We, therefore, have only to consider subdivision (c), namely, the value of its assets therein in excess of an amount representing the total of (1) accounts payable and notes payable owing by such association; and (2) the book value of shares outstanding, which are taxed to the individual owner and not to the association. In other words, we are required to take the total assets and deduct from such assets the accounts payable, and notes payable, and book value of the shares outstanding. Before arriving at a figure, we think it necessary to eliminate from the assets stock in the Federal Home Loan Bank in the sum of $2100., and United States Government Bonds in the sum of $10,000. These items cannot be taxed in any event by reason of Art. 742, U.S.C.A., Title 31, since Congress has not authorized these items to be taxed by the State; said Article reads as follows:

"Except as otherwise provided by law, all stocks, bonds, Treasury notes, and other obligations of the United States, shall be exempt from taxation by or under State or municipal or local authority."

Hon. L. W. Vance, page 3

"Neither state nor federal government may impose tax on obligations issued by the other." Bunn v. Willcuts, 29 F.2d 132, affirmed, C.C.A.

Eliminating these two items from the assets and deducting therefrom the accounts payable and notes payable owing by the association and the book value of the shares outstanding, a figure should be ascertained representing what we conceive to be the taxable basis for assessment against the association, as provided in Art. 881a, Subdiv. 53. This, we think, affords a statutory basis for assessment of ad valorem taxes against the Mt. Pleasant Building & Loan Association, using as far as practicable the information disclosed by the financial statement submitted by you.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By          L. P. Lollar
            Assistant

LPL:AMM

